## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,

                  Plaintiffs

                  vs.

AG ASBESTOS, INC.,

                  Defendant

                  and

FLEET SMALL BUSINESS SERVICES,
                  Trustee

P 3

# 04  12639 RWZ

MAGISTRATE JUDGE Alexander

C.A. No.

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED (es)
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. TOM
DATE 12/16/04

## COMPLAINT FOR DELINQUENT CONTRIBUTIONS

### NATURE OF ACTION

1.    This is an action brought pursuant to §§502 and 515 of the Employee Retirement
Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and
1145, and §301 of the Labor Management Relations Act, 29 U.S.C. §185, by employee benefit
plans to enforce the obligations to make contributions to such plans due under the terms of a
collective bargaining agreement and the plans.

## JURISDICTION

2.      The Court has jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties and pursuant to 28 U.S.C. §1337.

## PARTIES

3.      Plaintiff Paul J. McNally is a Trustee of the Massachusetts Laborers' Health and Welfare Fund. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

4.      Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Pension Fund. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

5.      Plaintiff Martin F. Walsh is a Trustee of the Massachusetts Laborers' Annuity Fund. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6.      Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

2

7.    Plaintiff Paul J. McNally is a Trustee of the New England Laborers' Training Trust Fund. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

8.    The Health and Welfare, Pension, Annuity, Legal Services and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

9.    Defendant AG Asbestos, Inc. (hereinafter "AG" or "the Employer"), is a Massachusetts corporation with a principal place of business at 255 Erving Avenue, Lawrence, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

10.    Fleet Small Business Services is a banking institution holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

11.    On or about October 14, 2003, defendant agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements between the Union and the Massachusetts Building Wreckers' Association, requiring contributions to Plaintiff Funds; and to any successor agreements. A copy of defendant's signed agreement ("short form agreement") is attached hereto as Exhibit A.

12.    Because of the short form agreement, the Employer has been a party to successive collective bargaining agreements, including the agreement which is effective from June, 2004 through May, 2007. A copy of the relevant portions of the June 2001-May 2004 Agreement is

attached hereto as Exhibit B, as the most recent contract has not been printed. The applicable language is identical.

13.     The Agreement requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees and specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. It provides in Article XX that employers must pay interest on delinquent contributions in the amount of 10%, together with liquidated damages in the amount of 20% of the delinquency, attorney's fees and costs of any collection action.

14.     On or about February 6, 2004 the Funds, by their attorney, wrote to AG demanding payment of the delinquent contributions and notifying AG that an audit would be scheduled.

15.     On March 1, 2004, the Funds' auditor audited AG's records and determined that it owed $137,543.00 in contributions for work performed between October, 2003 and January, 2004, together with $35.51 in interest and underpayments.

## COUNT I -
## DELINQUENT CONTRIBUTIONS

16.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 - 15 supra.

17.     After the audit, the Funds received information demonstrating that AG's liability for the audited period was slightly higher than originally determined. The Funds therefore amended their audit for the October, 2003 through January, 2004 period and audited AG for the period February, 2004 through October, 2004. As a result of this new audit and amendment of the old audit, the Funds assessed AG $122,943.00 for the period October through December,

4

2003, $17,653.65 for January, 2004 and $28,553.06 for February through October, 2004, for a total liability of $169,149.71. Taking into account certain payments made by third parties on AG's behalf totaling $25,853.63, the Funds determined that AG now owes $143,596.95 in contributions for the period October, 2003 through October, 2004.

18.    AG was sent a copy of this revised audit on November 30, 2004. A copy of that letter is attached as Exhibit C.

19.    To date, AG has failed and refused to pay the Funds the $143,596.95 in contributions it now owes for the period October, 2003 through October, 2004.

20.    The failure of defendant to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreement violates §515 of ERISA, 29 U.S.C. §1145.

21.    Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, as a result of which the Funds and their participants will be irreparably damaged.

22.    A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## RELIEF REQUESTED

WHEREFORE, plaintiff Funds requests this Court to grant the following relief:

a.    Order the attachment by trustee process of the bank accounts of the Defendant held by Fleet;

b.    Order the attachment of the machinery, inventory and accounts receivable of defendant AG;

5

c.    Enter a preliminary and permanent injunction enjoining Defendant from refusing or failing to make contributions to Plaintiff Funds;

d.    Enter judgment in favor of the Plaintiff Funds in the amount of $143,596.95 plus any additional amounts determined by the Court to be owed by defendant or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2); and

e.    Such further and other relief as this Court deem appropriate.

Respectfully submitted,

PAUL J. MCNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al,

By their attorneys,

Anne R. Sills, Esquire
BBO #546576
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  December 15, 2004

ARS/ars&ts
6306 04 485/complt.doc

6

## MASSACHUSETTS LABORERS' DISTRICT COUNCIL
### WRECKERS' ACCEPTANCE OF AGREEMENT AND DECLARATION OF TRUST

The undersigned Employer has read and hereby approves the following Agreements by and between THE EASTERN MASSACHUSETTS BUILDING WRECKERS' ASSOCIATION, INC. effective July 1, 2000 and the Massachusetts Laborers' District Council in behalf of Building Wreckers' Local Union 1421 of the Laborers' International Union of North America, and any successor Agreement between the parties and herewith accepts the same and becomes one of the parties thereto and agrees to abide by all its terms and conditions.

The life of these Agreements is to be co-extensive with the terms set out or as they shall be set out from time to time in the aforementioned collective bargaining agreements with the above-named Association and shall continue in effect unless the Employer gives the Union notice of desired change or termination of a particular collective bargaining agreement in keeping with the applicable notice provisions contained herein.

These Agreements shall be binding upon the Employer named herein, and its successors and assigns, and no provisions herein contained shall be nullified or affected in any manner as a result of any consultation, sale, transfer, assignment, joint venture or any combination or other disposition of the Company.

The said Agreement provides among other conditions, contributions to the Massachusetts State-wide Laborers' Health & Welfare Fund, Massachusetts State-wide Laborers' Pension Fund, New England Laborers' Training Fund, Massachusetts State-wide Laborers' Annuity Fund, New England Laborers' Labor-Management Cooperation Trust, New England Laborers' Health & Safety Fund, Massachusetts State-wide Unified Trust and the Massachusetts State-wide Legal Services Fund and the Employer agrees to be bound by the foregoing Agreements and Declaration of Trust and hereby irrevocably designates as its representatives of the Board of Trustees such Trustees as are named in said Agreements as Employer Trustees together with their successors selected in the manner provided within said Agreements and agrees to be bound by all actions taken by said Employer Trustees pursuant to the said Agreements and Declaration of Trust.

DATE: _10/14/03_

Mass. Laborers' District
Council l/b/o Local 1421
Boston, MA

_Gill C_
Authorized Representative

Wrecking Local 1421
P. O. Box 1238
Boston, MA 02205
(617) 696-1401

_AG Asbestos Inc_
Employer

_BR Bonilda Rodriguez_
Authorized Representative

_255 Erving Ave_
Address

_Lawrence MA  01841_
City        State      Zip

Telephone: _978-794-4645_

BUILDING AND SITE CONSTRUCTION AGREEMENT

between

MASSACHUSETTS LABORERS' DISTRICT COUNCIL

of the

LABORERS' INTERNATIONAL UNION OF NORTH AMERICA
AFL-CIO

and

THE LABOR RELATIONS DIVISION OF THE
ASSOCIATED GENERAL CONTRACTORS OF MASSACHUSETTS, INC.

and

BUILDING TRADES EMPLOYERS' ASSOCIATION OF
BOSTON AND EASTERN MASSACHUSETTS, INC.



EFFECTIVE:
JUNE 1, 2000 - MAY 31, 2004

*Section 2.*   Employees shall furnish their Employer with current telephone number or other contact at the start of each job, and advise the Employer of any subsequent change or changes in such contact during the course of the job.

*Section 3.*   Any employee who reports for work, and for whom work is provided, regardless of the time he works, shall receive the equivalent of not less than four (4) hours pay at the regular straight time hourly rate provided he is available for work throughout such period.

*Section 4.*   Any employee who reports for work and who works four (4) or more hours in any one (1) day shall receive the equivalent of not less than eight (8) hours pay at the regular straight time hourly rate provided that he is available for work until the end of that regular work day.

*Section 5.*   It is expressly provided, however, that if the employee leaves the job site without permission of the Employer, or when a person refuses to work or continue to work, or when work stoppages brought about by a third party or parties prevent or make ill-advised, in the opinion of the Employer, the performance or continuance of work, or when weather makes work impractical, payment for time not actually worked shall not be required.

*Section 6.*   Where notification of the men is required under this Agreement to the effect that work shall not be performed on a particular day, notification of such fact to the steward shall be sufficient notification to the men, provided the steward is permitted enough time during working hours to notify the men.

## ARTICLE VIII
## CHECK OFF AND PAYROLL DEDUCTION

*Section 1.*   The Employer agrees to deduct the sum of seventy cents ($.70) per hour for each hour worked from the weekly wages, after taxes, of each employee, provided, such employee has executed voluntary written authorization for such deductions to be allocated as follows:

a) Sixty-eight cents ($.68) shall be used as hourly membership dues to support the Local Unions and the Massachusetts Laborers' District Council.

15

b) Two cents ($.02) of the amount provided in Section 1 shall be used as a voluntary contribution payable to the Laborers' Political League (LPL) to enable the Massachusetts Laborers' District Council and its affiliated Local Unions to participate more fully in matters affecting the welfare of its members.

**Section 2.** A sample authorization for such deductions is as follows:

### Deduction Authorization

To all Employers by whom I am employed during the terms of the present or future collective bargaining agreements either by and between signatory contractor associations and the Massachusetts Laborers' District Council of the Laborers' International Union of North America, AFL-CIO and its affiliates, or by an Employer, not a member of said associations, which has an individual collective bargaining agreement with the Council and its affiliates.

### Dues Deduction

I hereby authorize my Employer to deduct from my wages each week, sixty-eight cents ($.68) per hour for each hour worked to constitute what are known as the hourly deductions as part of my membership dues for said week owing by me to the Union.

### Laborers' Political League Fund

I further authorize the Employer to deduct the sum of two cents ($.02) per hour for each hour worked as a voluntary contribution to the Laborers' Political League (LPL), which I understand constitutes a separate aggregate fund used for the purposes allowed under the Federal Election Campaign Act, 2 U.S.C., Sec. 441b.

This authorization and assignment shall become effective on or after June 1, 2000 and shall continue in full force and effect for a period not to exceed one (1) year or the life of the existing agreement between the said Union or the Council acting on its behalf and yourself, whichever occurs sooner, and for any subsequent similar period thereafter unless revoked by me within fifteen (15) days immediately preceding such contract term or one (1) year, whichever occurs sooner. Notwithstanding the foregoing, the two cents ($.02) per hour deduction authorization for contribution to the LPL is subject to revocation at any time.

The above revocation must be in writing, bear the date and my signature,

to work each day of the seven (7) (or more) day schedule.

(b)   If Salamander heating units referred to above are to operate for more than two (2) full days but less than seven (7) full days, then four (4) six-hour (6 hour) shifts shall be established and employees so assigned shall be paid eight (8) hours pay for the six (6) hours worked on the shift.

## ARTICLE XI
## MASSACHUSETTS LABORERS' HEALTH and WELFARE FUND

*Section 1.*  Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Health & Welfare Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2.*   *Contributions to Fund*   Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee, covered by the terms of this Agreement, to the Massachusetts Laborers' Health and Welfare Fund. Said sum will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll of the preceding calendar month. The said Fund will be administered by a Board of Trustees selected and appointed under the provisions of the Trust Agreement executed by the Union and the Employers.   Said Trust Agreement shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States, the Commonwealth of Massachusetts and the State of New Hampshire.   The said Fund will be used to purchase accident and sickness disability insurance and hospitalization, medical and surgical benefits and/or other welfare benefits of a similar nature for the said employees as provided in the said Trust Agreement.

The Union reserves the right to remove the employees whose wages, hours and working conditions as set forth in this Agreement from any job for which the Employer has failed to remit to the aforementioned Health and Welfare Fund monies due to the Fund within the time for payment thereof, as determined by the Board of Trustees acting under the authority of the Agreement and Declaration of Trust under which the Fund operates.

21

The failure to contribute by the Employer to the said Health and Welfare Fund, as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX herein. The Massachusetts Laborers' Health and Welfare Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

**Section 3.** *New Federal Health Insurance Law*   In the event that a new federal health insurance law becomes effective during the term of this Agreement, the parties agree to meet and reopen the contract to make any changes necessitated by the law and to negotiate other provisions as may be appropriate. In the event the parties are unable to agree upon the changes required by law or other appropriate changes, the matter may proceed to final and binding arbitration pursuant to Article XXVI at the request of either party; provided that the Arbitrator shall not be permitted to increase the cost to the Employer.

# ARTICLE XII
# NEW ENGLAND LABORERS' HEALTH and SAFETY FUND

**Section 1.** Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Health & Safety Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

**Section 2.** Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee covered by the terms of this Agreement to the New England Laborers' Health and Safety Fund.

**Section 3.** Said sum shall be paid into the Fund no later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a Board of Trustees selected under and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employers.

**Section 4.** The Plan and Trust shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and states where this Agreement applies. The Trust and Plan

at all times shall be a "qualified" Trust and Plan as defined by Sec. 401 of the Internal Revenue Code. The Plan and Trust shall be created and administered, subject to modification, change of methods or administration and practices as may be required to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary expense of doing business in the computation of Federal Income Tax of the Employers

*Section 5.* The failure to contribute by the Employer to the said Health and Safety Fund, as provided herein, for the purpose of remedy the Union may pursue, as covered in Article XX herein. The New England Laborers' Health and Safety Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XIII
## MASSACHUSETTS LABORERS' PENSION FUND

Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Pension Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee, covered by the terms of this Agreement to the Massachusetts Laborers' Pension Fund. Said sum will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a Board of Trustees selected under, and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employers. The Plan and the Trust shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States, the Commonwealth of Massachusetts and the State of New Hampshire.

The Trust and Plan at all times shall be a "qualified" Trust and Plan, as defined by Section 401 of the Internal Revenue Code. The Plan and the Trust shall be created and administered, subject to modification, change of methods of administration and practices as may be required, to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary

expense of doing business in the computation of Federal Income Tax of the Employers.

The failure to contribute by the Employer to the said Pension Fund, as provided herein, for the purpose of the remedy the Union may pursue is covered in Article XX herein. The Massachusetts Laborers' Pension Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XIV
## NEW ENGLAND LABORERS' TRAINING TRUST FUND

Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Training Trust Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee covered by the terms of this Agreement, to a Training Fund known as New England Laborers' Training Trust Fund. Said sum will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a Board of Trustees selected under, and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employers. The Plan and Trust shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and the Commonwealth of Massachusetts and the State of New Hampshire. The Trust and Plan at all times shall be a "qualified" Trust and Plan as defined by Section 401 of the Internal Revenue Code. The Plan and Trust shall be created and administered, subject to modification, change of methods or administration and practices as may be required to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary expense of doing business in the computation of Federal Income Tax of the Employers.

The failure to contribute by the Employer to the said Training Fund as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX, herein. The New England Laborers' Training Trust Fund shall

meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XV
## MASSACHUSETTS LABORERS' LEGAL SERVICES FUND

*Section 1.* Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Legal Services Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2.* Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee, covered by this Agreement to the Massachusetts Laborers' Legal Services Fund. Said contributions will be paid into such Fund not later than the twentieth (20th) day of each and every month for the hours worked by said employees up to the end of the last completed payroll period of the preceding calendar month. The failure to contribute to this Fund by the Employer as provided herein shall be subject to the provisions of Article XX hereof. The Massachusetts Laborers' Legal Services Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XVI
## MASSACHUSETTS LABORERS' ANNUITY FUND

*Section 1.* Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Annuity Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Trust Agreement.

*Section 2.* Each Employer agrees to pay for each hour worked by each employee, covered by this Agreement, to the Massachusetts Laborers' Annuity Fund, the negotiated contribution in each respective zone and any future allocated increase during the term of this agreement (reflected in Appendix A of this Agreement). Said sums will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll of the preceding calendar month. Payment shall be made in one check and on the same form furnished by the Massachusetts Laborers' Benefit Funds. The said Fund will be administered by a Board of

Trustees selected and appointed under the provisions of the Trust Agreement executed by the Union and the Employers. Said Trust Agreement shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States, the Commonwealth of Massachusetts and the State of New Hampshire.

Section 3. Members of the Association and Employers subscribing to the Trust Agreement, when working outside the jurisdictional area of this Agreement in areas where they have no contractual obligation to contribute to an annuity fund, shall contribute the same amount in the same manner as set forth above to the "Massachusetts Laborers' Annuity Fund" for each Laborer when said Laborer is sent and put to work by the Employer from the territorial jurisdiction set forth in Article I.

Section 4. Failure to contribute to the Fund shall be a violation of this Agreement. The Union and the Employer mutually recognize the requirement that contributions to this Fund be made on a current basis by all Employers who have made one or more contributions to the Fund or have entered into an agreement with the Union requiring such contributions.

Section 5. If an audit by the Trustees or their representatives determines that an Employer has not correctly reported the hours worked by his Laborers, the Employer, in addition to other remedies provided in the Trust Agreement, shall be liable to the Fund for the cost of auditing his payroll records and for interest at the rate of ten percent (10%) per annum from the date when payment was due to the date when payment was made.

Section 6. The Fund shall be used to provide benefits as determined by the Trustees in accordance with the terms of the Trust. The failure to contribute by the Employer to the said Annuity Fund, as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX herein. The Massachusetts Laborers' Annuity Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

# ARTICLE XVII
## NEW ENGLAND LABORERS' LABOR-MANAGEMENT COOPERATION TRUST

*Section 1.* Each Employer subscribes to and agrees to be bound by the New England Laborers' Labor-Management Cooperation Trust Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2.* Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by an employee covered by this Agreement to the New England Laborers' Labor-Management Cooperation Trust Fund.

*Section 3.* Said sum will be paid into said Fund not later than the twentieth (20th) day of each month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a Board of Trustees selected under, and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employer and others.

*Section 4.* The Plan and Trust conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and the Commonwealth of Massachusetts. The Trust and the Plan at all times shall be a "qualified" Trust and Plan, as defined by Section 401 of the Internal Revenue Code. The Plan and Trust shall be created and administered, subject to modification, change of methods of administration and practices as may be required to, the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary and necessary expense of doing business in the computation of Federal Income Tax of the Employers.

*Section 5.* The failure to contribute by the Employer to the said New England Laborers' Labor-Management Cooperation Trust Fund, as provided herein, for the purpose of the remedy the union may pursue, is covered in Article XX herein.

27

# ARTICLE XVIII
## MASSACHUSETTS CONSTRUCTION ADVANCEMENT PROGRAM

*Section 1.* Each Employer subscribes to and agrees to be bound by the Massachusetts Construction Advancement Program Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2.* This Trust, known as the Massachusetts Construction Advancement Program, shall be referred to in this Article as "the Fund". The Fund shall be administered solely and exclusively by Trustees appointed pursuant to the provisions of the Trust instrument.

*Section 3.* Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each of its employees, covered by this Agreement, to the Massachusetts Construction Advancement Program.

*Section 4.* The Fund will be used by its Trustees for the following express purposes: A. Manpower Recruitment and Training; B. Education; C. Safety and Accident Prevention; D. Public Relations; E. Equal Employment; F. Intra-Industry Relations; G. Market Development; H. Market Research; and I. Information Services within the construction industry for the mutual benefit of Employers and their employees.

*Section 5.* The Fund shall not be used for any of the following expressly prohibited purposes: A. Lobbying in support of anti-Union legislation; B. Supporting litigation before a court or any administrative body against the Union or any of its agents; and C. Subsidizing contractors during a period or periods of work stoppages or strikes.

*Section 6.* As a part of the administration of the Fund, there shall be an annual audit of the Fund by an independent certified public accountant. A copy of the audit shall be made available to all parties signatory hereto.

*Section 7.* In the event that the Union has reasonable cause to believe that the Fund is being used for any of the purposes prohibited by Section 5, the dispute shall be subject to the arbitration provisions of this Agreement.

# ARTICLE XIX
## MASSACHUSETTS LABORERS' UNIFIED TRUST

*Section 1.*  Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Unified Trust Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2:*  Each Employer agrees to pay the sum reflected in Appendix A in this Agreement, per hour worked by each employee covered by the terms of this Agreement to a fund known as the "Massachusetts Laborers' Unified Trust".

*Section 3:*  Said sums will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a board of Trustees selected under, and subject to the provisions of a Trust Agreement and plan entered into by the Union and the Employers. The plan and trust shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and the Commonwealth of Massachusetts. The trust and plan at all times shall be an exempt trust and plan, as defined by Section 401 of the Internal Revenue Code. The plan and trust shall be created and administered, subject to modification, change of methods of administration and practices as may be required, to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary expense of doing business in the computation of federal income tax of the Employers.

*Section 4:*  There shall be a total of four (4) Trustees to constitute the Board of Trustees to administer the Fund.  Said Trustees to be appointed as follows:  two (2) Trustees shall be appointed by the Massachusetts Laborers' District Council and two (2) Trustees shall be appointed by the Association. The representatives on the Board of Trustees shall at all times be equally divided among Union and Management.  Each of the appointing parties shall have the power to remove, replace and appoint successors as Trustees appointed by them.

*Section 5:*  The failure to contribute by the Employer to the said Unified Trust, as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX herein.  The Massachusetts Laborers' Unified Trust shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XX
## DELINQUENT PAYMENTS

*Section 1.*    Employers who are delinquent in their payments to the Massachusetts Health & Welfare, Pension, Legal Services, Annuity, Unified Trust, New England Laborers' Labor-Management Cooperation Trust, Training Trust and Health & Safety Funds shall not have the privilege of employing Laborers under the terms of this Agreement if such payments have not been made after written notice, sent by registered mail, return receipt requested, of such delinquency is given by the Union and seventy-two (72) hours have elapsed since such notice. All employees affected by such delinquency to any of the above-mentioned Funds, and who have lost work as a result thereof, shall be paid their normal wages by the delinquent Employer, until said delinquency is cured and the employees resume their work.

Once an Employer has been adjudged a delinquent by any of the above-mentioned Fund Trustees, he shall, in addition to remitting to the Funds for his past delinquencies, be required to make his current payments on a weekly basis and further furnish a ten thousand dollar ($10,000) surety bond to the Trustees of each respect Fund as listed above. All attorney's fees, sheriff's costs, accounting and court costs involved to collect delinquent payments from the delinquent Employer, or to obtain an audit from an Employer who has refused to permit one, must be borne fully by the Employer involved.

*Section 2.*    In accordance with Section 5.02(g)(2) of ERISA, as amended, the Trustees do establish the rate of interest to be paid by Employers on delinquent contributions to be the rate prescribed under Section 6621 of the Internal Revenue Code of 1954 (currently ten percent [10%] per annum); and further, liquidated damages shall be assessed in an amount of twenty percent (20%) of the amount of the delinquency, or such higher percentage as may be permitted under Federal or State Law, plus reasonable attorney's fees and costs of the action.

## ARTICLE XXI
## SEVERAL LIABILITY

*Section 1.*    The obligation of each Employer member of the Associations shall be several and not joint. This Agreement shall be binding upon each Employer signatory hereto and its successors and assigns, and no provisions contained or incorporated herein shall be nullified or affected in any manner as a

result of any consolidations, sale, transfer, assignment, or any combination or other disposition of the Employer.

*Section 2.* The Massachusetts Laborers' District Council, a party to this Agreement, shall not be held responsible for any unauthorized act committed by any affiliated Local Union or members thereof, unless the said Massachusetts Laborers' District Council has ordered or ratified the same or condoned such act after notice thereof from either of the Associations. The Massachusetts Laborers' District Council agrees that upon the receipt of notice from either Association, parties to this Agreement, of any unauthorized act by a Local Union, it will exercise all of its authority to correct the same and furnish evidence thereof to the Association.

*Section 3.* The obligation of each Local Union, affiliated with the Massachusetts Laborers' District Council, shall be several and not joint.

*Section 4.* The Labor Relations Division of the Associated General Contractors of Massachusetts, Inc. and the Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc. shall not be responsible for any unauthorized act committed by one of its members unless either of the Associations has ordered, ratified or condoned such act after notification thereof from the Council. The Associations agree that upon the receipt of such notice from the Council of any unauthorized act of a member contractor, it will exercise all of its authority to correct the same and furnish evidence thereof to the Council.

## ARTICLE XXII
## CONSTRUCTION MANAGER

Whenever any signatory contractor performs work as a construction manager, owner/builder, or solicits bids from subcontractors, considers proposals submitted by subcontractors, or coordinates work performed by subcontractors, it shall be deemed to be a general contractor subject to the terms and conditions of this Agreement, provided, however, that this provision shall not apply to any affiliated development company of a signatory contractor.

31

# ARTICLE XXXI
## TERMINATION OF AGREEMENT

This Agreement will expire on May 31, 2004, except that if neither party to this Agreement gives notice in writing to the other party on or before March 31, 2004 that it desires a change after May 31, 2004, then this Agreement will continue in effect until May 31, 2005 and so on each year thereafter unless on or before March 31st of each year thereafter, a notice is given by either party.

*LABOR RELATIONS DIVISON OF THE ASSOCIATED GENERAL CONTRACTORS OF MASSACHUSETTS*

_____        10/26/00
Chairman, Board of Trustees            Date:

*MASSACHUSETTS LABORERS' DISTRICT COUNCIL of the Laborers' International Union of North America on behalf of its affiliates*

_____        James V. Merloni
Business Manager, Paul J. McNally      President, James V. Merloni

10/26/00                               10/26/00
Date:                                  Date:

*The Building Trades Employers' Assoc. of Boston & E. Mass., Inc.*

_____        11/26/00
Thomas Gunning, Executive Director     Date:

Witnessed:

_____
Armand E. Sabitoni, Vice-President & Regional Manager
& Assistant to the General President

Date:    10/26/2000

47

# APPENDIX A
## WAGE RATES AND CLASSIFICATIONS

*Section 1.* Zone 1 and Zone 2 - Wage Rates and Benefit Allocations

*ZONE 1*    Suffolk County, the City of Cambridge, and those projects that are outside the geographic limit of Suffolk county but for which the work is primarily part of projects located in Suffolk County that are covered by project agreements.

*SUFFOLK COUNTY (Boston, Chelsea, Revere, Winthrop, Deer & Nut Islands)*

*MIDDLESEX COUNTY (Arlington, Belmont, Burlington, Cambridge, Everett, Malden, Medford, Melrose, Reading, Somerville, Stoneham, Wakefield, Winchester, Winthrop and Woburn only)*

*NORFOLK COUNTY (Brookline, Dedham and Milton only)*

*ZONE 2*    The remaining geographical area covered by the Eastern Massachusetts Laborers Agreement

*BARNSTABLE, BRISTOL, DUKES, ESSEX, NANTUCKET, PLYMOUTH and WORCESTER COUNTIES*

*MIDDLESEX COUNTY (With the exception of Arlington, Belmont, Burlington, Cambridge, Everett, Malden, Melrose, Reading, Somerville, Stoneham, Wakefield, Winchester, Winthrop and Woburn)*

*NORFOLK COUNTY (With the exception of Brookline, Dedham and Milton only)*

*FRANKLIN COUNTY (Warwick, and Orange only)*

The town of Salem in Rockingham County, New Hampshire.

ZONE 1    *SUFFOLK COUNTY* (Boston, Chelsea, Revere, Winthrop, Deer & Nut Islands

*MIDDLESEX COUNTY* (Arlington, Belmont, Burlington, Cambridge, Everett, Malden, Medford, Melrose, Reading, Somerville, Stoneham, Wakefield, Winchester, Winthrop and Woburn only)

*NORFOLK COUNTY* (Brookline, Dedham and Milton only)

| | 6/1/00 | 12/1/00 | 6/1/01 | 12/1/01 | 6/1/02 | 12/1/02 | 6/1/03 | 12/1/03 |
|---|---|---|---|---|---|---|---|---|
| *INCREASE | 0.50 | 0.55 | 0.55 | 0.55 | 0.60 | 0.65 | 0.85 | 0.85 |
| Wages | 21.50 | 22.05 | 22.60 | 23.15 | 23.75 | 24.40 | 25.25 | 26.10 |
| H & W | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 |
| Pension | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 |
| Annuity | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 |
| Nell-MCT | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| Unified Trust | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 |
| Training | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 |
| Legal | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 |
| H & Safety | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| MCAP/CIM | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 |
| Total | 30.75 | 31.30 | 31.85 | 32.40 | 33.00 | 33.65 | 34.50 | 35.35 |
| *Dues & LPL | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) |

*Dues and LPL are deducted from wages*

55

ZONE 2 · *BARNSTABLE, BRISTOL, DUKES, ESSEX, NANTUCKET, PLYMOUTH and WORCESTER COUNTIES*

*MIDDLESEX COUNTY* (With the exception of Arlington, Belmont, Burlington, Cambridge, Everett, Malden, Melrose, Reading, Somerville, Stoneham, Wakefield, Winchester, Winthrop and Woburn)

*NORFOLK COUNTY* (With the exception of Brookline, Dedham and Milton only)

*FRANKLIN COUNTY* (Warwick, and Orange only)

The Town of Salem in Rockingham County, New Hampshire

| | 6/1/00 | 12/1/00 | 6/1/01 | 12/1/01 | 6/1/02 | 12/1/02 | 6/1/03 | 12/1/03 |
|---|---|---|---|---|---|---|---|---|
| *INCREASE | 0.45 | 0.45 | 0.45 | 0.45 | 0.55 | 0.55 | 0.65 | 0.65 |
| Wages | 19.90 | 20.35 | 20.80 | 21.25 | 21.80 | 22.35 | 23.00 | 23.65 |
| H & W | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 |
| Pension | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 |
| Annuity | 2.25 | 2.25 | 2.25 | 2.25 | 2.25 | 2.25 | 2.25 | 2.25 |
| Nell-MCT | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| Unified Trust | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.30 | 0.30 |
| Training | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.10 |
| Legal | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.15 |
| H & Safety | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.05 |
| MCAP/CIM | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | |
| Total | 28.25 | 28.70 | 29.15 | 29.60 | 30.15 | 30.70 | 31.35 | 32.00 |
| *Dues & LPL | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70 |

*Dues and LPL are deducted from wages*

*THE COUNCIL RESERVES THE RIGHT TO ALLOCATE THESE INCREASES IN ITS DISCRETION AMONG WAGES, FRINGE BENEFITS AND DUES DEDUCTION.

*Section 2.*    Watchmen Wage Rates and Benefit Allocation

|  | 6/1/00 | 12/1/00 | 6/1/01 | 12/1/01 | 6/1/02 | 12/1/02 | 6/1/03 | 12/1/03 |
|---|---|---|---|---|---|---|---|---|
| INCREASE | 0.50 | 0.55 | 0.55 | 0.55 | 0.60 | 0.65 | 0.85 | 0.85 |
| Wages | 15.55 | | | | | | | |
| H & W | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 |
| Pension | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 |
| Annuity | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 |
| Nell-MCT | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| Unified Trust | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 |
| Training | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 |
| Legal | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 |
| H & S | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| MCAP | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 |
| *Dues & LPL | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) |

*Dues and LPL are deducted from wages*

# MASS LABORERS CONTRIBUTION RATES

| YEAR | | WAGES | H&W | PENSION | ANNUITY | NMCT | AUT | UT | TRAINING | LEGAL | H&S | MCAP/CIM | DUES | FRINGES | TOT PKG |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1996/ | JUN 01 | $18.95 | $3.00 | $2.15 | $1.50 | $0.15 | | | $0.25 | $0.10 | $0.05 | $0.05 | $0.55 | $7.80 | $26.75 |
| | Dec-01 | $19.10 | $3.00 | $2.35 | $1.50 | $0.15 | | | $0.25 | $0.10 | $0.05 | $0.05 | $0.55 | $8.00 | $27.10 |
| 1996/ | JUN 01 | $19.45 | $3.00 | $2.35 | $1.50 | $0.15 | | | $0.25 | $0.10 | $0.05 | $0.05 | $0.60 | $8.05 | $27.50 |
| | Dec-01 | $19.80 | $3.00 | $2.35 | $1.50 | $0.15 | | | $0.25 | $0.10 | $0.05 | $0.05 | $0.60 | $8.05 | $27.85 |
| 1997/ | JUN 01 | $19.80 | $2.50 | $2.35 | $2.00 | $0.65 | | | $0.25 | $0.10 | $0.05 | $0.05 | $0.60 | $8.55 | $28.35 |
| | Sep-01 | $19.90 | $2.50 | $2.35 | $2.00 | $0.85 | | | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.70 | $28.60 |
| | Dec-01 | $20.25 | $2.50 | $2.35 | $2.00 | $0.85 | | | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.70 | $28.95 |
| 1998 | Z1/JUN1 | $20.75 | $2.50 | $2.35 | $2.00 | $0.15 | $0.50 | | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.70 | $29.45 |
| | Z1/DEC1 | $20.25 | $2.50 | $2.35 | $2.75 | $0.15 | $0.50 | | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $9.45 | $29.70 |
| | Z2/DEC1 | $19.05 | $2.50 | $2.35 | $2.00 | $0.15 | $0.50 | | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.70 | $27.75 |
| 1999 | Z1/JUN1 | $20.75 | $2.50 | $2.35 | $2.75 | $0.15 | $0.50 | | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $9.45 | $30.20 |
| | Z1/DEC1 | $21.50 | $2.50 | $2.35 | $2.75 | $0.15 | $0.50 | | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $9.45 | $30.85 |
| | Z2/JUN1 | $19.05 | $2.50 | $2.35 | $2.25 | $0.15 | $0.50 | | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.95 | $28.00 |
| | Z2/DEC1 | $19.55 | $2.50 | $2.35 | $2.25 | $0.15 | $0.50 | | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.85 | $28.50 |
| 2000 | Z1/JUN1 | $21.50 | $2.50 | $2.35 | $3.15 | $0.15 | $0.50 | | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $9.95 | $31.45 |
| | Z1/DEC1 | $21.50 | $2.50 | $2.35 | $3.70 | $0.15 | $0.50 | | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $10.50 | $32.00 |
| | Z2/JUN1 | $19.80 | $2.50 | $2.35 | $2.25 | $0.15 | $0.50 | | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $9.05 | $28.95 |
| | Z2/DEC1 | $20.10 | $2.50 | $2.35 | $2.50 | $0.15 | $0.50 | | $0.30 | $0.10 | $0.15 | $0.06 | $0.70 | $9.30 | $29.40 |
| 2001 | Z1/JUN1 | $21.75 | $2.80 | $2.35 | $3.70 | $0.15 | $0.50 | | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $10.80 | $32.55 |
| | Z1/DEC1 | $22.30 | $2.80 | $2.35 | $3.70 | $0.15 | $0.50 | | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $10.80 | $33.10 |
| | Z2/JUN1 | $20.25 | $2.80 | $2.35 | $2.50 | $0.15 | $0.50 | | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $9.60 | $29.85 |
| | Z2/DEC1 | $20.70 | $2.80 | $2.35 | $2.50 | $0.15 | $0.50 | | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $9.60 | $30.30 |
| 2002 | Z1/JUN1 | $22.50 | $3.15 | $2.35 | $3.70 | $0.15 | $0.50 | | $0.35 | $0.10 | $0.15 | $0.05 | $0.70 | $11.20 | $33.70 |
| | Z1/DEC1 | | | | | | | | | | | | | $0.00 | $0.00 |
| | Z2/JUN1 | $20.85 | $3.15 | $2.35 | $2.50 | $0.15 | $0.50 | | $0.35 | $0.10 | $0.15 | $0.05 | $0.70 | $10.00 | $30.85 |
| | Z2/DEC1 | | | | | | | | | | | | | $0.00 | $0.00 |

ZONE 1    ZONE 2

MASSACHUSETTS LABORERS' BENEFIT FUNDS
14 NEW ENGLAND EXECUTIVE PARK-SUITE 200
P.O. BOX 4000, BURLINGTON, MA 01803-0900
TELEPHONE (781) 272-1000
FAX (781) 272-2226
1(800)342-3792

*AMENDED* 11/30

11/30/2004

GINA
AG ASBESTOS INC
60 B BROOK STREET
LAWRENCE MA 01841

53250

COPY

DEAR GINA,

OUR RECENT AUDIT OF YOUR LABORERS' PAYROLL RECORDS FOR THE PERIOD OF:
02/2004-10/2004 REVEALED AN OUTSTANDING BALANCE OF: $ 28,553.06.

IF APPLICABLE, ATTACHED PLEASE FIND AUDIT REMITTANCE REPORTS LISTING
THE HOURS AND AMOUNTS DUE FOR EACH LABORER BY MONTH. THESE REPORTS
MUST BE RETURNED WITH YOUR CHECK IN ORDER TO INSURE THAT PROPER
CREDIT IS GIVEN TO EACH LABORER.

IN ADDITION, ANY PAST DUE AUDIT BALANCES, OUTSTANDING INTEREST,
UNDERPAYMENTS AND OTHER FEES ARE LISTED BELOW AND ARE DUE AND
PAYABLE AT THIS TIME.

| AUDIT PERIOD | AMOUNT DUE | PYMTS/ADJ RECVD | BALANCE DUE |
|---|---|---|---|
| 02/2004-10/2004 | 28,553.06 | .00 | 28,553.06 |
| 01/2004-01/2004 | 17,653.65 | 7,017.60 | 10,636.05 |
| 10/2003-12/2003 | 122,943.00 | 18,836.03 | 104,106.97 |

TOTAL HOUR CARD:                                                    .00

OUTSTANDING A/R:                                                 300.87

AUDIT FEES:                                                        .00

LAWYERS FEES:                                                      .00

NET AMOUNT DUE:                                              143,596.95

12/08/04  CASE 1:04-CV-12639-RWZ  Document 14  LBR  FILED 12/16/2004  SEE PAGE 2 of COPE  @003

MASSACHUSETTS LABORERS' BENEFIT FUNDS
14 NEW ENGLAND EXECUTIVE PARK-SUITE 200
P.O. BOX 4000, BURLINGTON, MA 01803-0900
TELEPHONE (781) 272-1000
FAX (781) 272-2226
1(800)342-3792

UPON RECEIPT OF ANY DELINQUENT CONTRIBUTIONS TO THE FUND OFFICE, INTEREST WILL BE ASSESSED AT THE RATE(S) IN EFFECT FROM THE DATE OF THE DELINQUENCY. ALL OTHER AUDIT RELATED AMOUNTS LISTED ABOVE ARE DUE 30 DAYS FROM THE DATE CHARGED. IF PAYMENT FOR THESE ITEMS IS NOT RECEIVED ON OR BEFORE THAT DATE, INTEREST WILL BE CHARGED ON THESE ITEMS AS WELL. INTEREST WILL BE COMPOUNDED MONTHLY AT THE RATE CURRENTLY IN EFFECT.

ANY DELINQUENCY IS IN VIOLATION OF THE LABORERS' AGREEMENT ARTICLE XI - XVII. UNLESS PAYMENT IN FULL IS RECEIVED WITHIN TEN(10) DAYS WE ARE OBLIGATED BY ARTICLE XVII TO SEND YOU A SEVENTY-TWO(72) HOUR NOTICE. IF A SEVENTY-TWO(72) HOUR NOTICE IS ISSUED, ANY LABORERS WHO ARE AFFECTED BY YOUR DELINQUENCY SHALL BE PAID THEIR NORMAL WAGES UNTIL THE DELINQUENCY IS CURED AND LABORERS RESUME THEIR WORK. IN ADDITION, YOU WILL BE REQUIRED TO FURNISH A TEN THOUSAND DOLLAR ($10,000.00) SURETY BOND TO EACH OF THE FUNDS. YOU WILL ALSO ASSUME RESPONSIBILITY FOR ANY AND ALL ATTORNEY'S FEES, SHERIFF'S COSTS, ACCOUNTING AND COURT COSTS INVOLVED, AND LIQUIDATED DAMAGES OF TWENTY PERCENT(20%) OF THE DELINQUENT AMOUNT.

THANK YOU FOR YOUR ANTICIPATED COOPERATION.

VERY TRULY YOURS,

FIELD AUDITOR
MASS. LABORERS' BENEFIT FUNDS

ENCLOSURE

CC:

# MASSACHSUETTS LABORERS' BENEFIT FUNDS
## FIELD AUDIT REPORT

Audit Performed by:     Mike Tracia

Contractor:     A G Asbestos

Contractor #     53250

Address:     60 B Brook Street Lawrence, Ma.01841

Local #     1421

Date Signed:     Oct-03

Contact Person:     Gina

| Audit Control # | 2001 | 2002 | 2003 | 2004 | 18282 |
|---|---|---|---|---|---|

Audit date:     11/23/04

Audit Period:     2/04-10/04

Last audit date:     3/04

Reason for audit:     Request

Contractor Balance Due?     YES    x    NO _____

If yes, balance due because of:

Delinquent:     x

Shortage in hours reported:

Failure to pay contributions on certain laborers:

**Types of records reviewed:**

Payroll registers:     x

Employee Histories:

Federal Tax Form 941:     x

Certified Payrolls

MA State Tax Form WR-1:     x

Other:

Audit Performed Via:     BCH-270- _____ Excel- _____ Manual-    x

## Summary of Amount Due

| | |
|---|---|
| **2001** | _____ |
| **2002** | _____ |
| **2003** | _____ |
| **2004** | $28,553.06 |
| **TOTAL** | $28,553.06 |

Contact agrees with findings:    **Yes:**   x   **NO:** _____
** Reason:

## Audit Summary

No Hours reported since January 2004- Delinquent February through October

Contractor has no Massachusettes payroll After May2004

Revised audit due to additional information being sent to Fund office(paystubs)

Contractor claimed no Mass.work after May 2004

It is apparent that there is more payroll that has not been forthcoming -recommend follow-up audit

REAUREMRPT

```
                        MASS LABORERS BENEFIT FUND              PAGE    1
                         14 N. E. EXECUTIVE PARK
                            P. O. BOX 4000
                        BURLINGTON, MA  01803-0900
        11/30/04          TEL. (617) 272-1000
                        AUDIT REMITTANCE REPORT
                                                                   MZT
EMPLOYER: 53250
AG ASBESTOS INC                         REPORT DATE:       2/2004
60 B BROOK STREET                       ZONE. . . .:       MA 00
LAWRENCE MA                             CONTRACT # :       WRK5
                        01841           AUDIT # . . :      18282
```

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | RODRIGUEZ-COL | 1421 | 88.00 | 13.750 | 1210.00 | _____ | 1210.00 |
| 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 | CALDERON, MAR | 1421 | 16.00 | 13.750 | 220.00 | _____ | 1430.00 |
| 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 | RODRIGUEZ, JO | | 16.00 | 13.750 | 220.00 | _____ | 1650.00 |
| 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 | GUDIEL, FRANC | 1421 | 40.00 | 13.750 | 550.00 | _____ | 2200.00 |

```
                *TOTAL DUE:        160.00   HRS     2200.00
                *TOTAL PAID:       _____                      2200.00
                *BALANCE:          _____          _____

                *EMPLOYEES LISTED:     4
                *EMPLOYEES PAID:   _____
```

```
REAUREMRPT              MASS LABORERS BENEFIT FUND            PAGE    2
                         14 N. E. EXECUTIVE PARK
                            P. O. BOX 4000
                        BURLINGTON, MA  01803-0900
         11/30/04          TEL. (617) 272-1000
                        AUDIT REMITTANCE REPORT                 MZT

EMPLOYER: 53250
AG ASBESTOS INC                         REPORT DATE:      2/2004
60 B BROOK STREET                       ZONE. . . .:     MA 01
LAWRENCE MA                  01841      CONTRACT # :      WRK5
                                        AUDIT # . .:     18282
```

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | AVEVALO, EDUA |  | 118.00 | 13.550 | 1598.90 | | 3798.90 |
| 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 | SEGURA, ERI | 151 | 16.00 | 13.550 | 216.80 | | 4015.70 |
| 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 | HOPKINS, BRAN | 14 | 150.00 | 13.550 | 2032.50 | | 6048.20 |
| 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 | LIMA, GEOVANN |  | 8.00 | 13.550 | 108.40 | | 6156.60 |
| 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 | LIMA, HECTOR | 999 | 8.00 | 13.550 | 108.40 | | 6265.00 |
| 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 | , |  | 8.00 | 13.550 | 108.40 | | 6373.40 |
| 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 | ORTEGA, JOSE |  | 8.00 | 13.550 | 108.40 | | 6481.80 |

```
            *TOTAL DUE:      316.00   HRS      4281.80          6481.80
            *TOTAL PAID:
            *BALANCE:

            *EMPLOYEES LISTED:       7
            *EMPLOYEES PAID:
```

REAUREMRPT

MASS LABORERS BENEFIT FUND
14 N. E. EXECUTIVE PARK
P. O. BOX 4000
BURLINGTON, MA  01803-0900
TEL. (617) 272-1000

PAGE    3

11/30/04

AUDIT REMITTANCE REPORT

MZT

EMPLOYER: 53250
AG ASBESTOS INC
60 B BROOK STREET
LAWRENCE MA

01841

| | | REPORT DATE: | 3/2004 |
|---|---|---|---|
| | | ZONE. . . .: | MA 00 |
| | | CONTRACT # : | WRK5 |
| | | AUDIT # . .: | 18282 |

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | RODRIGUEZ-COL | 1421 | 8.00 | 13.750 | 110.00 | _____ | 6591.80 |
| 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 | NAULA, JULIO | 1421 | 184.50 | 13.750 | 2536.88 | _____ | 9128.68 |
| 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 | LIMA, ALBERTO | 1421 | 48.00 | 13.750 | 660.00 | _____ | 9788.68 |

| | | | | | | |
|---|---|---|---|---|---|---|
| *TOTAL DUE: | 240.50 | HRS | 3306.88 | | 9788.68 |
| *TOTAL PAID: | | | | | |
| *BALANCE: | _____ | | _____ | | |

*EMPLOYEES LISTED:      3
*EMPLOYEES PAID:     _____

```
REAUREMRPT                    MASS LABORERS BENEFIT FUND                PAGE    4
                              14 N. E. EXECUTIVE PARK
                                 P. O. BOX 4000
                              BURLINGTON, MA  01803-0900
                                 TEL. (617) 272-1000
      11/30/04                 AUDIT REMITTANCE REPORT                      MZT

 EMPLOYER: 53250                                  REPORT DATE:        3/2004
 AG ASBESTOS INC                                  ZONE. . . . .:      MA 01
 60 B BROOK STREET                                CONTRACT # :         WRK5
 LAWRENCE MA                          01841       AUDIT # . . .:      18282
```

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | AVEVALO, EDUA |  | 117.00 | 13.550 | 1585.35 | _____ | 11374.03 |
| 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 | SEGURA, ERI | 151 | 72.00 | 13.550 | 975.60 | _____ | 12349.63 |
| 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 | GONZALES, CRI | 596 | 17.00 | 13.550 | 230.35 | _____ | 12579.98 |
| 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 | HOPKINS, BRAN | 14 | 40.00 | 13.550 | 542.00 | _____ | 13121.98 |
| 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 | CORTE, WILFRE | 175 | 9.00 | 13.550 | 121.95 | _____ | 13243.93 |

```
              *TOTAL DUE:          255.00    HRS      3455.25          13243.93
              *TOTAL PAID:
              *BALANCE:            _____           _____

              *EMPLOYEES LISTED:        5
              *EMPLOYEES PAID:     _____
```

REAUREMRPT

MASS LABORERS BENEFIT FUND
14 N. E. EXECUTIVE PARK
P. O. BOX 4000
BURLINGTON, MA  01803-0900
TEL. (617) 272-1000

PAGE    5

11/30/04

AUDIT REMITTANCE REPORT

MZT

EMPLOYER: 53250
AG ASBESTOS INC
60 B BROOK STREET
LAWRENCE MA

01841

| | | |
|---|---|---|
| REPORT DATE: | | 3/2004 |
| ZONE. . . .: | | MA 02 |
| CONTRACT # : | | WRK5 |
| AUDIT # . .: | | 18282 |

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | GUZMAN, RUBEN | | 184.50 | 11.500 | 2121.75 | _____ | 15365.68 |
| | *TOTAL DUE: | | 184.50 | HRS | 2121.75 | | 15365.68 |
| | *TOTAL PAID: | | | | | | |
| | *BALANCE: | | | | | | |
| | *EMPLOYEES LISTED: | | 1 | | | | |
| | *EMPLOYEES PAID: | | | | | | |

REAUREMRPT

MASS LABORERS BENEFIT FUND
14 N. E. EXECUTIVE PARK
P. O. BOX 4000
BURLINGTON, MA  01803-0900
TEL. (617) 272-1000

PAGE    6

11/30/04

AUDIT REMITTANCE REPORT

MZT

EMPLOYER: 53250
AG ASBESTOS INC
60 B BROOK STREET
LAWRENCE MA                          01841

REPORT DATE:      4/2004
ZONE. . . .:      MA 00
CONTRACT # :      WRK5
AUDIT # . .:      18282

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | ARANA, JOSE | 1421 | 80.00 | 13.750 | 1100.00 | | 16465.68 |
| 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 | BURGOS, ANTON | 1421 | 24.00 | 13.750 | 330.00 | | 16795.68 |
| 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 | VARGAS, ORLAN | 1421 | 16.00 | 13.750 | 220.00 | | 17015.68 |
| 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 | CALDERON, MAR | 1421 | 72.00 | 13.750 | 990.00 | | 18005.68 |

*TOTAL DUE:         192.00    HRS      2640.00          18005.68
*TOTAL PAID:
*BALANCE:

*EMPLOYEES LISTED:        4
*EMPLOYEES PAID:

```
REAUREMRPT                    MASS LABORERS BENEFIT FUND                   PAGE    7
                               14 N. E. EXECUTIVE PARK
                                   P. O. BOX 4000
                              BURLINGTON, MA  01803-0900
                                 TEL. (617) 272-1000
      11/30/04                 AUDIT REMITTANCE REPORT                     MZT


  EMPLOYER: 53250                          REPORT DATE:      4/2004
  AG ASBESTOS INC                          ZONE. . . .:     MA 01
  60 B BROOK STREET                        CONTRACT # :      WRK5
  LAWRENCE MA                  01841       AUDIT # . .:      18282


  MEMBERS      MEMBERS     LOCAL    HOURS            AMOUNT   HOURS    CUM
  SOC SEC #     NAME        NO.      DUE     RATE     DUE     PAID  AMOUNT DUE

  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 MARTES, FRANK          25.50  13.550    345.53 _____  18351.21
  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 AVEVALO, EDUA         120.00  13.550   1626.00 _____  19977.21
  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 ORTEGA, LUIS           24.00  13.550    325.20 _____  20302.41
  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 SOLIS, EUGENI           8.00  13.550    108.40 _____  20410.81


              *TOTAL DUE:           177.50  HRS      2405.13         20410.81
              *TOTAL PAID:          _____                _____
              *BALANCE:             _____                _____

              *EMPLOYEES LISTED:        4
              *EMPLOYEES PAID:      _____
```

12/08/04 Case 1:04-FAX 123639-RWZ6 Document LPR4 BEN Filed 12/16/2004 SEP PROFILE 0148 ☑013

```
REAUREMRPT                    MASS LABORERS BENEFIT FUND                   PAGE      8
                               14 N. E. EXECUTIVE PARK
                                  P. O. BOX 4000
                              BURLINGTON, MA  01803-0900
                                TEL. (617) 272-1000
      11/30/04                  AUDIT REMITTANCE REPORT                           MZT

EMPLOYER: 53250                                      REPORT DATE:         4/2004
AG ASBESTOS INC                                      ZONE. . . .:          MA 02
60 B BROOK STREET                                    CONTRACT # :           WRK5
LAWRENCE MA                        01841             AUDIT # . .:          18282


MEMBERS      MEMBERS       LOCAL     HOURS                AMOUNT      HOURS    CUM
SOC SEC #     NAME          NO.       DUE      RATE        DUE        PAID  AMOUNT DUE

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 GUZMAN, RUBEN            40.00   11.500       460.00 _____    20870.81


              *TOTAL DUE:            40.00    HRS         460.00            20870.81
              *TOTAL PAID:
              *BALANCE:


              *EMPLOYEES LISTED:        1
              *EMPLOYEES PAID:
```

REAUREMRPT
MASS LABORERS BENEFIT FUND
14 N. E. EXECUTIVE PARK
P. O. BOX 4000
BURLINGTON, MA 01803-0900
TEL. (617) 272-1000

PAGE 9

11/30/04
AUDIT REMITTANCE REPORT

MZT

EMPLOYER: 53250
AG ASBESTOS INC
60 B BROOK STREET
LAWRENCE MA                  01841

REPORT DATE:      5/2004
ZONE. . . . .:     MA 00
CONTRACT # :       WRK5
AUDIT # . .:       18282

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | RODRIGUEZ-COL | 1421 | 142.00 | 13.750 | 1952.50 | | 22823.31 |
| 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 | NAULA, JULIO | 1421 | 40.00 | 13.750 | 550.00 | | 23373.31 |

| | *TOTAL DUE: | | 182.00 | HRS | 2502.50 | | 23373.31 |
| | *TOTAL PAID: | | | | | | |
| | *BALANCE: | | | | | | |

*EMPLOYEES LISTED:        2
*EMPLOYEES PAID:

REAUREMRPT

```
                        MASS LABORERS BENEFIT FUND          PAGE    10
                        14 N. E. EXECUTIVE PARK
                        P. O. BOX 4000
                        BURLINGTON, MA  01803-0900
                        TEL. (617) 272-1000
        11/30/04        AUDIT REMITTANCE REPORT
                                                                  MZT
```

EMPLOYER: 53250
AG ASBESTOS INC
60 B BROOK STREET
LAWRENCE MA                    01841

REPORT DATE:    5/2004
ZONE. . . .:    MA 02
CONTRACT # :    WRK5
AUDIT # . .:    18282

| MEMBERS SOC SEC # | MEMBERS NAME | LOCAL NO. | HOURS DUE | RATE | AMOUNT DUE | HOURS PAID | CUM AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | GUZMAN, RUBEN | | 40.00 | 11.500 | 460.00 | _____ | 23833.31 |
| | *TOTAL DUE: | | 40.00 | HRS | 460.00 | | 23833.31 |
| | *TOTAL PAID: | | | | | | |
| | *BALANCE: | | | | | | |
| | *EMPLOYEES LISTED: | | 1 | | | | |
| | *EMPLOYEES PAID: | | | | | | |

12/08/04 Case 1:04-cv-12639-RWZ 762-2 Document 1-4 BEN FDS 12/16/2004 SEC 8617 15 of 18 @016

REAUREMRPT                MASS LABORERS BENEFIT FUND             PAGE    11
14 N. E. EXECUTIVE PARK
P. O. BOX 4000
BURLINGTON, MA 01803-0900
TEL. (617) 272-1000
   11/30/04                AUDIT REMITTANCE REPORT                    MZT

EMPLOYER: 53250                                    REPORT DATE:       6/2004
AG ASBESTOS INC                                    ZONE. . . .:      MA 00
60 B BROOK STREET                                CONTRACT # :       WRK5
LAWRENCE MA                 01841                          AUDIT # . .:      18282

| MEMBERS<br>SOC SEC # | MEMBERS<br>NAME | LOCAL<br>NO. | HOURS<br>DUE | RATE | AMOUNT<br>DUE | HOURS<br>PAID | CUM<br>AMOUNT DUE |
|---|---|---|---|---|---|---|---|
| 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 | RODRIGUEZ-COL | 1421 | 148.00 | 13.750 | 2035.00 | | 25868.31 |
| 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 | NAULA, JULIO | 1421 | 16.00 | 13.750 | 220.00 | | 26088.31 |

                   *TOTAL DUE:      164.00    HRS       2255.00         26088.31
                   *TOTAL PAID:
                   *BALANCE:

                   *EMPLOYEES LISTED:      2
                   *EMPLOYEES PAID:

```
REAUREMRPT                    MASS LABORERS BENEFIT FUND                        PAGE    12
                             14 N. E. EXECUTIVE PARK
                                P. O. BOX 4000
                             BURLINGTON, MA  01803-0900
                               TEL. (617) 272-1000
        11/30/04               AUDIT REMITTANCE REPORT                                  MZT


   EMPLOYER: 53250                                     REPORT DATE:         6/2004
   AG ASBESTOS INC                                     ZONE. . . .:          MA 02
   60 B BROOK STREET                                   CONTRACT # :           WRK5
   LAWRENCE MA                          01841          AUDIT # . .:          18282


   MEMBERS      MEMBERS      LOCAL    HOURS                   AMOUNT     HOURS    CUM
   SOC SEC #     NAME         NO.      DUE        RATE         DUE       PAID  AMOUNT DUE

  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 GUZMAN, RUBEN            16.00     12.250       196.00  _____  26284.31


                  *TOTAL DUE:          16.00     HRS         196.00           26284.31
                  *TOTAL PAID:
                  *BALANCE:


                  *EMPLOYEES LISTED:       1
                  *EMPLOYEES PAID:
```

```
REAUREMRPT                    MASS LABORERS BENEFIT FUND                      PAGE    13
                              14 N. E. EXECUTIVE PARK
                                  P. O. BOX 4000
                              BURLINGTON, MA  01803-0900
                                 TEL. (617) 272-1000
        11/30/04              AUDIT REMITTANCE REPORT                                MZT

EMPLOYER: 53250                                        REPORT DATE:          7/2004
AG ASBESTOS INC                                        ZONE. . . . .:        MA 00
60 B BROOK STREET                                      CONTRACT # :          WRK5
LAWRENCE MA                         01841              AUDIT # . . :         18282


MEMBERS         MEMBERS        LOCAL     HOURS                 AMOUNT      HOURS    CUM
SOC SEC #        NAME           NO.       DUE      RATE         DUE        PAID  AMOUNT DUE

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 RODRIGUEZ-COL      1421      148.00   13.750       2035.00  _____   28319.31


                *TOTAL DUE:             148.00    HRS         2035.00            28319.31
                *TOTAL PAID:
                *BALANCE:


                *EMPLOYEES LISTED:           1
                *EMPLOYEES PAID:
```

```
REAUREMRPT                    MASS LABORERS BENEFIT FUND              PAGE    14
                              14 N. E. EXECUTIVE PARK
                                   P. O. BOX 4000
                              BURLINGTON, MA  01803-0900
                                 TEL. (617) 272-1000
        11/30/04              AUDIT REMITTANCE REPORT                     MZT

   EMPLOYER: 53250                                    REPORT DATE:    8/2004
   AG ASBESTOS INC                                    ZONE. . . .:     MA 00
   60 B BROOK STREET                                  CONTRACT # :      WRK5
   LAWRENCE MA                         01841          AUDIT # . .:     18282


   MEMBERS        MEMBERS     LOCAL    HOURS              AMOUNT   HOURS    CUM
   SOC SEC #       NAME        NO.      DUE      RATE      DUE     PAID  AMOUNT DUE

 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 RODRIGUEZ-COL   1421     17.00    13.750     233.75 _____   28553.06


              *TOTAL DUE:            17.00    HRS       233.75            28553.06
              *TOTAL PAID: _____   _____
              *BALANCE:   _____   _____

              *EMPLOYEES LISTED:        1
              *EMPLOYEES PAID:      _____
```

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LABORERS' LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND

## DEFENDANTS

AG Asbestos, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Anne R. Sills, Esquire
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA  02108

ATTORNEYS (IF KNOWN)

04 12633

## II. BASIS OF JURISDICTION  (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT  (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | **PRISONER PETITIONS** | | |

**PERSONAL INJURY** (center column): ☐ 362 Personal Injury – Med. Malpractice; ☐ 365 Personal Injury – Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**: ☐ 510 Motions to Vacate Sentence; **HABEAS CORPUS**: ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition

## VI. CAUSE OF ACTION  (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is a claim to collect unpaid benefit fund contributions, brought pursuant to ERISA, 29 U.S.C. Sec. 1132.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY  (See instructions):

JUDGE  R. Zobel   DOCKET NUMBER  04 CV 12633 RWZ

DATE  12/16/04

SIGNATURE OF ATTORNEY OF RECORD  Anne R. Sills

FOR OFFICE USE ONLY

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Paul J. McNally, as he is Trustee,

   Mass. Laborers' Health & Welfare Fund v. AG Asbestos, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE
   CIVIL COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

   ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X    II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___   III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

   ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

   ___   V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   N/A  04 CV 12633 RWZ

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?                                                          YES ☐      NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC 2403)                           YES ☐      NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                   YES ☐      NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO
   TITLE 28 USC 2284?                                             YES ☐      NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS
   (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).                 YES ☐      NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? -
   (SEE LOCAL RULE 40.1(D)).                                      YES ☐      NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF
   THE DISTRICT?                                                  YES ☐      NO ☒
   (a)    IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? N/A

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL
    AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION: YES ☐ NO ☐   N/A   OR WESTERN SECTION; YES ☐      NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Anne R. Sills

ADDRESS  Segal, Roitman & Coleman, 11 Beacon Street, Suite #500, Boston, MA  02108

TELEPHONE NO.  (617) 742-0208

(Categform.rev - 3/97)