UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,<br>　　　　　Plaintiffs<br><br>vs.<br><br>AG ASBESTOS, INC.,<br>　　　　　Defendant<br><br>and<br><br>FLEET SMALL BUSINESS SERVICES,<br>　　　　　Trustee | C.A. No. 04-12639 RWZ |

## AFFIDAVIT OF PHILIP MACKAY

1.　　My name is Philip Mackay. I am the Collections Agent for the Massachusetts Laborers' Benefit Funds ("the Funds"). In my capacity as Collections Agent I review the Funds' records of delinquent employers, including payments made and amounts owed.

2.　　AG Asbestos, Inc. ("AG") is a contractor that is bound by the terms of its collective bargaining agreement with the Massachusetts Laborers' District Council ("Union") to make fringe benefit contributions to the Funds on behalf of its laborer employees for all work performed under the terms of its collective bargaining agreement.

3. AG performed work under the terms of the agreement but failed to make all required payments.

4. On or about February 25, 2004, AG was notified by certified mail that the Union had scheduled an arbitration hearing for March 17, 2004 to assess AG for its delinquent contributions, interest, fees and damages.

5. On or about March 1, 2004, an auditor employed by the Funds audited AG's records and determined that AG owed the Funds $137,543.00 in unpaid benefit fund contributions, for work performed during the period October, 2003 through January, 2004, together with $35.51 in interest on late paid contributions.

6. On March 17, 2004, the Joint Grievance Committee, assembled to consider the Union's grievance against AG, considered the audit evidence and issued a decision awarding the Funds $137,578.51 in delinquent contributions, interest on late payments in the amount of $35.51, liquidated damages of $13,757.00 and counsel fees in the amount of $1,500.00. AG failed to attend despite its timely notice.

7. AG was notified of this decision by certified letter dated April 20, 2004 but failed and refused to pay the Funds the contributions owed.

8. Thereafter, the Funds received information regarding additional contributions owed by AG and amended their audit accordingly. As a result, the Funds determined that AG owes $122,943.00 for the period October through December, 2003, $17,653.65 for January, 2004 and $28,553.06 for February through October, 2004, for a total liability of $169,149.71. After taking into account payments totaling $25,853.63 made by third parties to reduce this liability, the Funds assessed AG's contribution liability at $143,596.95 for the period October 2003

2

through October 2004 and its accounts receivable balance (underpayments and interest on late payments) at $300.87.

9. To date, AG has failed and refused to pay these delinquent contributions and may owe additional contributions for work performed since October, 2004.

10. Article XIX of the collective bargaining agreement ("Agreement"), to which AG is a signatory, provides for interest to be paid by the employer on delinquent contributions, at a rate prescribed under Section 6621 of the Internal Revenue Code of 1954. It also provides for liquidated damages equal to the unpaid interest or in an amount of 20% of the amount of the delinquency or such other percentage as may be permitted under federal or state law.

11. I have calculated the interest that would be due on the $143,596.95 in unpaid contributions if payment were received by January 31, 2005. That figure would be $10,764.80.

12. Finally, I have calculated the liquidated damages due under the terms of Article XIX of the collective bargaining agreement. That figure would be $28,719.39.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 27th DAY OF DECEMBER, 2004.

_____
Philip Mackay

ARS/ars&ts
6306 04-485/affmackay.doc

3