UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,<br>              Plaintiffs<br><br>vs.<br><br>AG ASBESTOS, INC.,<br>              Defendant<br><br>and<br><br>FLEET SMALL BUSINESS SERVICES,<br>              Trustee | C.A. No. 04-12639RWZ |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

   This is an action brought to collect contributions due employee benefit funds under the terms of a collective bargaining agreement.  Plaintiffs (hereinafter "the Funds") are employee benefit plans.  Defendant AG Asbestos, Inc. (hereinafter "AG") is a Massachusetts corporation which has defaulted.  This action has been brought pursuant to §502(a)(3) and §515 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(a)(3) and §1145 (hereinafter "ERISA").

The Court has exclusive jurisdiction of this action pursuant to §502(a), (3), and (f) of ERISA, 29 U.S.C. §1132(a), (d) and (f), without respect to the amount in controversy or the citizenship of the parties.

A Notice of Default was issued by the Clerk on May 18, 2005. At this juncture, plaintiffs are before the Court on a Motion for Default Judgment. Plaintiffs now seek a judgment holding defendant liable for $185,764.50, representing contributions owed to the Funds for the period from October, 2003 to October, 2004, together with underpayments and interest on late paid contributions, prejudgment interest, liquidated damages, reasonable attorneys' fees, and costs.

## FACTS

Defendant AG is bound by the terms of successive collective bargaining agreements ("Agreements"), with the Massachusetts Laborers' District Council. These Agreements, which are attached as Exhibits A and B to the Complaint, require AG to make monthly contributions to the Massachusetts Laborers' Benefit Funds based on the number of employee hours worked.

According to the Agreement, defendant AG must make all payments to the Funds by the 20th day of the month following the incurring of the obligation. The agreement further provides that interest is charged on delinquent contributions at the rate prescribed under Section 6621 of the Internal Revenue Code of 1954. Agreement, Article XVII. Liquidated damages are also to be assessed, plus reasonable attorneys' fees and costs. Id.

Defendant AG performed work under the terms of the agreement, but failed to pay all contributions due thereunder.

On or about March 1, 2004, an auditor for the Funds conducted an audit of defendant AG's records for the period October, 2003 through January, 2004. As a result of the audit, it was determined that defendant AG owed the Funds $137,543.00 in unpaid contributions for the

period covered by the audit together with $35.51 in interest and underpayments. A second audit, conducted for the period February through October, 2004 revealed an additional liability, bringing the total owed to $169,149.71. This figure was then reduced to $143,596.95 by certain payments made by third parties. Affidavit of Philip Mackay ("Mackay Aff."), par. 8.

Defendant AG was notified of its delinquency by letter dated November 30, 2004. A copy of that letter is attached to the Complaint as Exhibit C. To date, AG has failed and refused to pay the Funds the $143,596.95 in contributions due for the period October, 2003 through October, 2004 and may owe additional contributions for work performed after that date. Id., par. 9.

## **ARGUMENT**

Judgment by default should enter where plaintiff's claim is for a sum certain, the party against whom judgment is sought has been defaulted for failure to appear and the party is not an infant or incompetent person. Rule 55(b)(1), Fed.R.Civ.P.

In the instant case, default judgment should enter as a matter of law. First, the plaintiffs' claim is for a sum certain. Plaintiffs have audited defendant AG's records and have ascertained that defendant owes the Funds $143,596.95 in unpaid benefit fund contributions due under defendant AG's collective bargaining agreement, for the period October, 2003 through October, 2004. Prejudgment interest on the unpaid contributions is mandated by ERISA, 29 U.S.C. §1132(g) (2) (B). Plaintiffs have also ascertained that, pursuant to the terms of the parties' collective bargaining agreement, defendant would owe $10,764.80 in interest on the unpaid contributions due under its collective bargaining agreement, if these contributions had been paid by January 31, 2005. Mackay Aff., par. 11.    Liquidated damages are also mandated by ERISA, either as set forth in the plan, in an amount not in excess of 20 percent of the unpaid

3

contributions (or such higher percentage as may be permitted under Federal or state law) or in an amount equal to interest on the unpaid contribution, whichever is greater.  29 U.S.C. §1132 (g)(2)(C)(i) and (ii).  In the instant case, the parties' collective bargaining agreement provides for liquidated damages in the amount of 20% of the unpaid contributions.  Twenty percent of the $143,596.95 owed by defendant AG under the collective bargaining agreement is $28,719.39.  Id., par. 12.  Therefore, plaintiffs' claim for liquidated damages on the contributions owed under defendant AG's collective bargaining agreement is $28,719.39, which is an amount equal to 20% of the unpaid contributions.

Finally, attorneys' fees and costs are also mandated by ERISA.  29 U.S.C. §1132(g)(2)(D).  Attorneys' fees and costs of this action are $2,382.49.  See Affidavit of Anne R. Sills.  These figures demonstrate that plaintiffs' claim is for a sum certain.

Finally, defendant is neither an infant nor incompetent person.  Defendant is also not in the military service.  See Affidavit of Thomas Masiello.

## CONCLUSION

For all the foregoing reasons, plaintiffs respectfully submit that this Motion for Default Judgment be granted, and that judgment enter against defendant AG in the amount of $185,764.50, representing unpaid contributions due through October, 2004, interest due on late paid contributions, interest on the unpaid contributions, liquidated damages, attorneys' fees and costs of this action.

    Respectfully submitted,

    PAUL J. MCNALLY, as he is
    TRUSTEE, MASSACHUSETTS
    LABORERS' HEALTH AND WELFARE
    FUND, et al,

    By their attorneys,

/s/ Anne R. Sills
Anne R. Sills, Esquire
BBO #546576
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  May 20, 2005

ARS/ars&ts
6306 04-485/memosupmotdf-mlbf.doc